# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

May 5, 2016

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**JEANIE WISE,**
**Claimant Below, Petitioner**

**vs.)    No. 15-0488** (BOR Appeal No. 2049938)
                    (Claim No. 2008013086)

**WAL-MART ASSOCIATES, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Jeanie Wise, by M. Jane Glauser, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Wal-Mart Associates, Inc., by Karin L. Weingart, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated April 28, 2015, in which the Board affirmed an October 8, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's August 27, 2012, and August 8, 2013, decisions which granted Ms. Wise a 26% permanent partial disability award and then granted an additional 7% for a total award of 33%. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Wise, a clerk, was injured on September 24, 2007, when she fell on a wet rug. The claim was held compensable for rotator cuff sprain, cervical disc displacement, lumbar spinal stenosis, knee contusion, lumbosacral sprain, shoulder/arm sprain, and knee/leg sprain. The claims administrator denied the addition of chronic kidney failure and chronic hoarseness to the claim on November 1, 2012.

1

In an August 13, 2012, independent medical evaluation, Christopher Martin, M.D., opined that Ms. Wise suffered minor strains as a result of the compensable injury. He noted that she has significant, pre-existing degenerative arthritis throughout her body as evidenced by diagnostic tests performed within days or months of the injury. He also noted that she displays a large number of non-organic findings suggestive of an exaggerated level of disability. Dr. Martin opined that much of the treatment rendered was for pre-existing conditions and that the conditions were not aggravated by the compensable injury. For the right shoulder, he assessed 2% impairment after apportioning for pre-existing conditions. For the cervical spine, he placed Ms. Wise in Category II-E of Table 75 of the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993) for 9% impairment. Her range of motion measurements were determined to be invalid. Dr. Martin placed Ms. Wise in Cervical Category III from West Virginia Code of State Rules § 85-20-E (2006) and adjusted the rating to 15%. For the lumbar spine he assessed 14% whole person impairment. He again found her range of motion measurements to be invalid. He placed her in Lumbar Category IV from West Virginia Code of State Rules § 85-20-C (2006) and adjusted the rating to 20%. However, he determined that apportionment was necessary due to her second lumbar surgery, which was unauthorized in this claim. He therefore assessed 10% lumbar spine impairment for the compensable injury. His combined total rating was 26% whole person impairment. Dr. Martin opined that the hoarseness was unrelated to the claim as it was noted in treatment notes prior to the neck surgery that Ms. Wise alleges caused the hoarseness. Based on Dr. Martin's evaluation, the claims administrator granted Ms. Wise a 26% permanent partial disability award on August 27, 2012.

Bruce Guberman, M.D., performed an independent medical evaluation of Ms. Wise on September 27, 2012, and diagnosed chronic cervical spine strain, chronic lumbar strain, chronic post-traumatic right shoulder strain, chronic post-traumatic left knee strain, chronic mild renal failure due to nonsteroidal anti-inflammatory medication, and chronic hoarseness as a complication of cervical spine surgery with atrophy of the left vocal cord. He noted that she underwent surgery on her cervical spine, lumbar spine, and right shoulder. She had conservative treatment for the left knee. He also noted degenerative changes in the right shoulder, cervical spine, lumbar spine, and left knee but concluded that they were aggravated by the compensable injury. For the cervical spine, he assessed 23% impairment using range of motion. He placed Ms. Wise in Cervical Category IV from West Virginia Code of State Rules § 85-20-E and adjusted his rating to 25% impairment. For the lumbar spine, he assessed 29% impairment using range of motion. He placed Ms. Wise in Lumbar Category V from West Virginia Code of State Rules § 85-20-C and adjusted his rating to 28% impairment. For the right shoulder, he assessed 12% impairment; however, he apportioned 1% for pre-existing conditions and the remaining 11% for the compensable injury. For the left knee, he assessed 2% impairment. Using the combined values chart of the American Medical Association's *Guides*, he found a total of 53% impairment. Dr. Guberman made additional impairment recommendations for hoarseness and mild renal failure. He opined that the hoarseness was the result of an authorized surgery in the claim and assessed 9% impairment for the condition. For renal function, he found 0% impairment but opined that Ms. Wise may be entitled to more after a more comprehensive evaluation. He combined the 9% impairment with his assessment of 53% impairment for a total recommendation of 57% whole person impairment.

In a July 19, 2013, letter, Dr. Martin stated that he reviewed additional records provided to him that indicated Ms. Wise's second lumbar surgery and revision were held compensable. He opined that he did not need to reexamine her in order to adjust his impairment rating because her range of motion findings were invalid, and his recommendation was based solely on her surgeries. He assessed 12% impairment with an additional 2% for the two lumbar fusions. He stated that Ms. Wise remained in Lumbar Category IV and adjusted the rating up to 20%. He stated that he did not disagree with Dr. Guberman's cervical spine impairment recommendation; however, he did disagree with Dr. Guberman's lumbar spine, left knee, right shoulder, and hoarseness impairment recommendations. Dr. Martin stated that Dr. Guberman was incorrect to place Ms. Wise in Lumbar Category V, which requires injury-related radiculopathy. He opined that while an EMG did raise questions of L5 or S1 radiculopathy on the right side, the first MRI performed showed possible impingement on the left side. Further, her pain diagram shows bilateral symptoms. Because the objective test for radiculopathy did not correlate with the imaging or clinical picture, he found it was inappropriate to formulate an impairment for radiculopathy. He also disagreed with Dr. Guberman's rating for the left knee because Ms. Wise had pre-existing degenerative osteoarthritis and no injury-related impairment. He also disagreed with Dr. Guberman's impairment rating for the left shoulder. Dr. Martin stated that the American Medical Association's *Guides* clearly provide that only loss of range of motion should be used to formulate shoulder impairment. He found that Dr. Guberman failed to adequately explain why he found additional impairment above loss of range of motion. Finally, Dr. Martin disagreed with Dr. Guberman's rating for hoarseness because the condition was not compensable in this claim. Dr. Martin confirmed in an August 6, 2013, letter that his revised recommendation was 33% impairment, representing 15% for the cervical spine, 20% for the lumbar spine, and 2% for the right shoulder.

On August 8, 2013, the claims administrator granted an additional 7% permanent partial disability award above the 26% award already granted for a total of 33% permanent partial disability. On October 28, 2013, the Office of Judges reversed the claims administrator's August 27, 2012, decision and granted Ms. Wise a 46% permanent partial disability award. Wal-Mart Associates, Inc., was thereafter granted a motion for reconsideration due to a clerical or administrator error in the calculation of impairment, and the August 8, 2012, Office of Judges Order was vacated. On October 8, 2014, the Office of Judges reversed the claims administrator's August 27, 2012, and August 8, 2013, decisions and granted Ms. Wise a 41% permanent partial disability award.

The Office of Judges found that Dr. Guberman assessed 25% cervical spine impairment, 28% lumbar spine impairment, 11% right shoulder impairment, and 2% left knee impairment for a total of 53% whole person impairment. Dr. Guberman combined the impairment with 0% impairment for kidney failure and 9% impairment for hoarseness. His total combined impairment rating was 57%. The Office of Judges determined renal failure and hoarseness are not compensable conditions in the claim as both the Office of Judges and Board of Review denied the addition of the conditions to the claim[1]. Because Dr. Guberman rated Ms. Wise for non-

[1] This Court affirmed the Board of Review's decision in *Wise v. Wal-Mart Associates, Inc.,* No. 14-0181 (Jan. 15, 2015) (memorandum decision).

compensable conditions, his impairment recommendation of 57% was determined to be unpersuasive.

The Office of Judges determined that Dr. Martin found in his report that Ms. Wise had 15% cervical impairment, 10% lumbar impairment after apportionment, 2% right shoulder impairment, and 0% left knee impairment for a combined total of 26% whole person impairment. He recommended an additional 7% impairment after review of additional information. The Office of Judges determined that Dr. Martin's reports were the most persuasive of record. It noted that Dr. Martin stated that he did not disagree with Dr. Guberman's cervical spine impairment recommendation. Dr. Guberman recommended 25% impairment while Dr. Martin found 15% impairment. Because Dr. Martin did not disagree with Dr. Guberman's recommendation, the Office of Judges found that Ms. Wise should be awarded an additional 10% impairment for the cervical spine. The Office of Judges agreed with the remainder of Dr. Martin's impairment recommendation and therefore awarded Ms. Wise 25% impairment for the cervical spine, 20% for the lumbar spine, and 2% for the right shoulder for a combined total award of 41% permanent partial disability. The Board of Review affirmed the Office of Judges' Order on April 28, 2015.

After review, we agree with the reasoning of the Office of Judges and conclusions of the Board of Review. The Office of Judges provided adequate justification for its finding that Dr. Martin's report was more persuasive than that of Dr. Guberman. It also justified its decision to use Dr. Guberman's cervical spine impairment finding. The Board of Review was correct to affirm the Order.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: May 5, 2016**

**CONCURRED IN BY:**
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**
Chief Justice Menis E. Ketchum